Ford v. Beard.

———◆●◆◆——

THOMAS D. FORD, Respondent, v. GEORGE N. BEARD et al., Appellants.

1. An agreement between the principal debtor and the creditor to extend the time of payment will not discharge the surety, although without his assent, unless it be made upon a good consideration.

*Appeal from St. Louis Circuit Court.*

This was a suit upon a negotiable promissory note for three hundred dollars by endorsee against endorser. The answer set up the defence that the plaintiff, after the maturity of the note, for a valuable consideration, gave the maker of the note, of which the defendants were accommodation endorsers, time of payment without the assent of the defendants.

Upon the trial before the court the testimony of the maker of the note was read by the defendants, tending to prove that the maker, after protest of the note sued upon, gave the plaintiff four notes, two of one hundred dollars each, and two of fifty dollars each, payable in ten, thirty, sixty and ninety days, which, when paid, were to be in satisfaction of the original note which was retained by plaintiff. The two notes of fifty dollars were collected upon execution; the two notes of one hundred dollars had not been paid; that nothing was paid at the time of giving the new notes, nor was any agreement made as to the interest; that the maker considered the new notes as collateral security for the payment of the old one.

For the defendant the court declared the law to be: That if the plaintiff, without the consent of the defendants, extended the payment of the note in question in favor of the maker thereof, and took three other notes for said extended payment, the plaintiff is not entitled to recover.

Plaintiff prayed the court to declare the law to be, that, as between the endorsee and endorser of a promissory note, an agreement by the former with the drawer, giving the latter further time for payment, and receiving from him a new note or notes executed by the drawer and payable at the time agreed upon, will not operate as a discharge of the endorser, unless the agreement was made without the concurrence of the endorser, and on a valid and valuable consideration moving between the parties to the agreement; which was refused.

The court, of its own motion, declared the law as follows:

If after the note sued on matured, the maker thereof gave

the plaintiff another note or notes merely as collateral security, the proceeds of which when collected were to be applied in satisfaction of said note sued on, such an arrangement does not discharge the defendant, unless the plaintiff made an agreement with the maker of the note giving time for its payment, without the consent of the endorser, for a valid consideration, by which the plaintiff's right to sue the maker upon the note was suspended.

The court gave judgment for the plaintiff for two hundred and thirty two dollars and thirty-four cents.

*Garesché, Garesché & Farish*, for appellants.

*W. N. Grover*, for respondent.

I. The true test for determining whether the endorser is discharged, is to inquire whether the creditor has done any act which would prevent him from immediately sueing the maker, or which would prevent the endorser from paying the note and immediately sueing the maker. To produce this result, there must be some act or agreement upon a valid consideration, which puts it out of the power of the holder to immediately sue for and recover the money. The mere giving of time without consideration, or the taking collateral security, produces no such results. (Reynolds v. Ward, 5 Wend. 501; Bk. of Utica v. Ives, 17 Wend. 501; Norris v. Crummeney, 2 Rand. 328; Hunter's adm'r v. Jett, 4 Rand. 104.; McKinney's Ex'r v. Walker, 1 Leigh. 434; Alcox v. Hill, 4 Leigh. 622; McLemore v. Powell, 12 Wheat. 554; Smith v. Rice, 27 Mo. 505.)

BATES, Judge, delivered the opinion of the court.

This cause was heretofore submitted to the court, and an opinion prepared therein but not delivered. The parties now consent that the opinion may be filed, and judgment entered in accordance with it. Therefore, all the judges concurring, the judgment of the court below is affirmed.

EWING, Judge. An agreement between the maker and payee of a promissory note for further time can not avail the endorser as a defence in an action thereon, unless made without the endorser's consent for a valid consideration, by which the plaintiff's right to sue is suspended. Mere indulgence to the principal will not extinguish the liability of the surety or endorser, though given without the consent of the latter. To have this effect, there must be in addition a binding obligation on the creditor not to pursue his remedy against the principal for a definite length of time. This is the principle asserted in the declaration of law made by the court. Whether the new notes given, after the original one matured, were given merely as collateral security, was a question of fact submitted to the court sitting as a jury, and it is not our province to pass upon the sufficiency of the evidence.

Judgment affirmed.